UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Olandio Ray Workman, ) | Civil Action No.: 6:17-cv-00766-RBH-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| John Vandermosten, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Olandio Ray Workman, a pretrial detainee proceeding pro se, has filed this action pursuant to 42 U.S.C. § 1983 against eighteen defendants. *See* ECF Nos. 1 & 57. The matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald, who recommends summarily dismissing Defendants Greenville County Council and Greenville County Food and Mail Services.[1] *See* ECF Nos. 18 & 22.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge authorized partial service of process on the other defendants. *See* ECF No. 17.

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

Plaintiff is a pretrial detainee housed at the Greenville County Detention Center. He alleges various claims relating to his conditions of confinement at that jail. The Magistrate Judge recommends summarily dismissing Defendants Greenville County Council and Greenville County Food and Mail Services because they are not "persons" within the meaning of § 1983.[3] R & R at p. 4. Plaintiff objects to the Magistrate Judge's recommendation. *See* ECF No. 22.

**I.     Greenville County Council**

Initially, the Court agrees with the Magistrate Judge that Greenville County Council is not a proper defendant for purposes of § 1983. The Greenville County Council is the governing body for Greenville County, consisting of individual council members who comprise the membership of the Council, none of whom have been individually named as party defendants in this case. *See Crouchman*

---

[2]     The R & R summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3]     Under § 1983, "the party charged with the deprivation ***must be a person*** who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (emphasis added).

2

*v. Pickens Cty. Council*, No. CV 9:16-0804-CMC-BM, 2017 WL 767185, at *9 (D.S.C. Feb. 3, 2017), *adopted by*, 2017 WL 749393 (D.S.C. Feb. 27, 2017) (finding the Pickens County Council was not a proper § 1983 defendant and explaining a "group of people or use of such collective terms to name a § 1983 defendant has been found improper and inadequate" (internal quotation marks omitted)); *Hodges v. Mayor & City Council of Annapolis*, 2016 WL 4140954, at *3 (D. Md. Aug. 3, 2016) (recognizing "a county council is not *sui juris*"). *See also Dunbar v. Metts*, No. CA 2:10-1775-HMH-BHH, 2011 WL 1480279, at *5 (D.S.C. Mar. 31, 2011), *adopted by*, 2011 WL 1480096 (D.S.C. Apr. 19, 2011) ("Lexington City Council is not a 'person' and is not responsible for the alleged violations of Plaintiff's rights."); *Smith-Berch, Inc. v. Baltimore Cty.*, 68 F. Supp. 2d 602, 626–27 & n.1 (D. Md. 1999) (finding the Baltimore County Council was not a "person" within the meaning of § 1983).

In his objections, Plaintiff indicates he is attempting to assert a municipal liability claim, as he cites *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), and related cases. *See* ECF No. 22 at pp. 1–2. Under *Monell*, "municipalities and other local government units" (such as cities and counties) can be liable under § 1983 if an official policy or custom causes a deprivation of constitutional rights. *See* 436 U.S. at 690–91. However, to the extent Plaintiff has attempted to sue Greenville County, such a claim is foreclosed by the fact "that, under South Carolina law, it is the Sheriff of the County who is responsible for the operation of county detention centers, not the County." *Crouchman*, 2017 WL 767185, at *9 (citing S.C. Code Ann. § 24–5–10). As such, the sheriff of Greenville County—not Greenville County or its individual county council members—is responsible for operating the Greenville County Detention Center.[4] Plaintiff has made no allegations

---

[4] Even if the Greenville County Sheriff had been appropriately named as a defendant, that office would be protected under Eleventh Amendment sovereign immunity from being sued in federal court. *See generally Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996).

3

calling into question the existence and applicability of this state law to his claims. *See Cobb v. South Carolina*, No. 2:13-CV-02370-RMG, 2014 WL 4220423, at *2, 7 (D.S.C. Aug. 25, 2014) (summarizing Fourth Circuit and South Carolina law holding that because the county has no control over the operations or policy of the jail, it cannot be held liable for events that take place there). Accordingly, the Court will dismiss Greenville County Council.

## II. Greenville County Food and Mail Services

Like Greenville County Council, Greenville County Food and Mail Services is not a person within the meaning of § 1983. *See, e.g.*, *Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) ("The medical department of a prison may not be sued, because it is not a person within the meaning of § 1983."); *Nelson v. Lexington Cty. Det. Ctr.*, No. 8:10-CV-02988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) ("Plaintiff has failed to establish that Food Service Supervisors, as a group of people and not individuals, are amenable to suit under § 1983."). Accordingly, the Court will dismiss Greenville County Food and Mail Services.

## Conclusion

For the foregoing reasons, the Court overrules Petitioner's objections, adopts and incorporates by reference the R & R [ECF No. 18], and **DISMISSES** Defendants Greenville County Council and Greenville County Food and Mail Services *without prejudice and without issuance and service of process*.

**IT IS SO ORDERED.**

Florence, South Carolina  
October 23, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge